IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

RECEIVED SEP 2 5 2023 U.S. District Court Middle District of TN

| | |
|---|---|
| DENNIS CARROLL, BILLY HOBBS, and JEFFREY BROOKS, *pro se*, <br><br> *Plaintiffs*, <br><br> v. <br><br> CORECIVIC, *et al.* <br><br> *Defendants*. | Case No: 3:22-cv-489 <br> District Judge Eli J. Richardson <br> Magistrate Judge Alistair Newbern <br> Jury Demand |

## PLAINTIFF'S MOTION TO SEVER AND AMEND

Pursuant to M.D. Tenn L.R. 7.1 and Federal Rules of Civil Procedure (FRCP) 15, 21, and 42(a)(3) and (b), Plaintiff Jeffrey Brooks (Brooks), *pro se,* respectfully moves the Court to: 1) **SEVER** Brooks' claims from those of Dennis Carroll (Carroll) and Billy Hobbs (Hobbs)—Hubert Sexton's (Sexton) claims having already been voluntarily dismissed [Doc. 20 re 19], or, in the alternative **ORDER** a separate trial and allow Brooks to prosecute his claim separate from those of Carroll and Hobbs in this case; 2) **GRANT** leave for Brooks to have 30 days from the adjudication of this motion to file an amended complaint; and 3) **DIRECT** the Clerk of Court to provide Brooks with a copy of the initial complaint filed in this action. [Doc. 1]

Brooks is unable to feasibly continue in this case with Carroll and Hobbs as he has no ideal where they are and thus cannot communicate with them to prosecute the action. Brooks submits himself to the mercy of the Court for his tardiness relating hereto. He is incarcerated at Trousdale Turner Correctional Center (TTCC) where he has spent more of 2023 locked-down than not thereby making it extremely hard to access the legal library, where it is difficult to

1

obtain legal library access forms, and where housing unit officers must not submit said forms that he does relinquish to them. For the reasons more fully set forth below, and in the interest of justice, the Court should mercifully **GRANT** the motion.

## LAW AND ARGUMENT

Brooks does not have a formal education in law and was depending solely on Sexton to help him vindicate the violation of his constitutional rights. As the Court is fully aware Sexton's claims were voluntarily dismissed soon after this action was brought leaving the remaining plaintiffs to fiend for themselves. [Doc. 20 re 19] Thereafter, and previously noted by the Court, Hobbs was carrying the torch for plaintiffs but Brooks no longer knows where he or Carroll are. [Doc. 34 p. 2; PageID #: 181] Brooks does not even have a copy of the complaint and was just recently able to access the TTCC legal library to seek help with this matter.

Since January 27, 2023 TTCC has been on constant lock-downs, or what is the equivalent of such—no general movement outside of the housing unit without a pass. Brooks is required to have a pass to access the legal library. The forms used to acquire this pass/access are more often than not unavailable in Brooks' pod, or when he asks a correction officer for one they say they will bring one but don't, and the ones he has given to an officer did not result in a pass. [*See,* Declaration of Jeffrey Brooks attached hereto]

Having recently finally made it to the legal library and spoken with the lady in there she is making sure Brooks gets passes. However, TTCC is still plagued by lock-downs and/or short staffing resulting in the library not being opened at times. Moreover, the lady in the library has made certain that Brooks has access to a legal aide to assist him since learning of of his plight as evinced by this motion.

Sexton, Carroll, and Hobbs never shared a copy of the initial complaint with Brooks. The legal aide assisting him has requested for Brooks to request for the Court to direct the Clerk to

2

provide him with a copy of the complaint so that he can get a clear picture of what was going on in the housing unit at the time to discern all of the defendants' liabilities. Hence, Brooks' request for a copy of same.

In *Bounds v. Smith,* 430 U.S. 817, 828 (1977), the Supreme Court held that prison officials have an affirmative duty to "assist inmates in the preparation and filing of meaningful legal papers by providing [them] with adequate law libraries or adequate assistance from persons trained in the law." *Id.* This is still good law. However, about 20 years later the Court held in *Lewis v. Casey,* 518 U.S. 343, 351-55 (1996), that inmates making *Bounds* violation claims must show that they were, or are, suffering "actual injury" or are being "frustrated" or impeded in bringing a non-frivolous claim about a criminal conviction, sentence, or conditions of confinement. *Id.*

The Court found a non-frivolous claim stated by Brooks regarding officials' failure-to-protect and denial of medical treatment at initial screening. [Doc. 16 pp. 10-13, PageID #: 81-84] Based on the difficulties Brooks has experienced accessing the TTCC legal library thus far he has satisfied the requirements of *Lewis* in the event the Court dismissed his claim—actual injury. Prison housing unit officials have failed Brooks in their *Bounds* duties, and his efforts are being frustrated and impeded by the constant lock-downs and difficulties gaining access to the legal library and assistance. *See, Johnson v. Barczac,* 338 F.3d 771, 773 (CA7 2003) (requiring "actual substantial prejudice to specific litigation" to support actual injury); *see also, Bausch v. Cox,* 32 F. Supp. 2D 1057, 1059 (E.D. Wis. 1998) (holding claim of inadequate law library facilities was too speculative to support relief without a description of presently hindered claims).

FRCP 21 provides in pertinent part that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." *Id.* "[S]evered claims become entirely independent actions to be tried, and judgment entered

3

thereon, independently." *Cestone v. General Cigar Holdings, Inc.*, 2002 WL 424654, at *2 (S.D.N.Y. Mar. 18, 2002) (internal quotation marks omitted). When a claim is severed from a lawsuit the action then proceeds as a discrete and independent action that a trial court may render final judgment upon, regardless of the continued existence of unresolved claims in the remaining action. *E.S. v. Independent Sch. Dist.*, 135 F.3d 566, 568 (CA8 1998); *United States v. O'Neil*, 709 F.2d 361, 368 (CA5 1983); *see also The Toro Co. v. Alsop*, 565 F.2d 998, 1000 (CA8 1977) (district court has power under Rule 21 to sever one count of complaint from others).

The decision as whether to sever a claim is a matter "committed to the sound discretion of the trial court." *State of New York v. Hendrickson Brothers, Inc.*, 840 F.2d 1065, 1082 (CA2 1988); *see also Cestone*, 2002 WL 424654, at *2 ("The trial court has broad discretion in deciding whether to sever claims"). Courts generally consider five factors to determine if severance is appropriate: 1) whether the claims arise out of the same transaction or occurrence; 2) whether the claims present some common questions of law or fact; 3) whether settlement of the claims or judicial economy would be facilitated; 4) whether prejudice would be avoided if severance were granted; and 5) whether different witnesses and documentary proof are required for the separate claims." *Rudersdal v. Harris*, 2021 WL 2209042, at *22 (S.D.N.Y. Feb. 27, 2021) (collecting cases).

In the instant case, the claims arise out of more or less separate causes, that is, Brooks' injuries are separate from the others; they do present questions of law that are common one to another; judicial economy would be furthered as to Brooks' claims because if dismissed due to his inability to communicate with other plaintiffs he would be right back bringing his own action if not dismissed with prejudice; prejudice would be averted by severing Brooks' claims because, once again, his lack of knowledge as to where the other plaintiffs are is hindering the prosecution of the action, and thus, prejudicing Brooks; and Brooks' claims will for the most part require

4

different evidence than that of the others'. The weighing of relevant factors as to whether to sever Brooks' claims militates in his favor for severance.

FRCP 42 provides in pertinent part that a court may "issue any [] orders to avoid unnecessary cost or delay." *Id.* at (a)(3). Under the Rule a court may issue orders necessary to prevent undue delay or prejudice. *Chevassus et al. v. Harley,* 8 F.R.D. 410, 413 (W.D. Penn. 1948). Brooks is currently prejudiced by his lack of ability to communicate with the remaining plaintiffs in the case *sub judice. S*uch inability to communicate is, *inter alia,* causing delay, in conjunction with all of the lock-downs and lack of access to the TTCC legal library.

While Rule 21 of the Federal Rules of Civil Procedure allows for the severance of "any claims," Rule 42 provides that a trial court may order a separate trial of any claim "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy," FRCP 42(a). The distinction between the two rules is that "separate trials usually will result in one judgment, but severed claims become entirely independent actions to be tried, and judgment entered thereon, independently." 9 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 2d § 2387. In the present case severance is more desirable due to plaintiffs inability to communicate

Trial courts have broad discretion to employ either of these rules, which are considered under the same standard. *See, New York v. Hendrickson Bros., Inc.*, 840 F.2d 1065 (CA2 1988), cert. denied, 488 U.S. 848, 109 S. Ct. 128, 102 L. Ed. 2D 101 (1988). These two Rules further Congress' purpose of "encouraging settlement discussions and speeding up remedial action." *United States v. Alcan Aluminum Corp.*, 990 F.2d 711 (CA2 1993).

FRCP 15 provides that a court should freely give leave to amend when justice requires. FRCP 15(a)(2). The Supreme Court has held that leave should be granted unless there is some good reason to deny it, such as, "undue delay, bad faith or dilatory motive on the part of the

5

movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182-83 (1962) (emphasis added); accord *Interroyal Corp. v. Sponseller*, 889 F.2d 108, 112 (CA6 1990).

In the instant case there has been delay, but such has not been solely the fault of Brooks. This is a substantial reason to deny Brooks' motion. However, a court may weigh in a movant's favor any prejudice that will arise from denial of leave to amend. *Foman v. Davis,* 371 U.S. 178, 182 (1962). The Federal Rules of Civil Procedure (FRCP) are supposed to be construed to permit liberal amendment of complaints to facilitate a determination on the merits and prevent litigation from becoming a technical exercise in the fine points of pleading. *Id.* at 182; *Conley v. Gibson,* 355 U.S. 41, 48 (1957); *see also* FRCP 1 and 8(e).

If permitted to sever and amend Brooks will ensure that all parties are properly served with process. TDOC Contract Monitor Jon Walton was improperly served at TTCC. [Doc. 36] However, Jon Walton is no longer the contract monitor there. As previously noted by the Court claims against him "are essentially claims against the TDOC itself." [Doc. 16 p. 18 PageID #: 89] Brooks is seeking injunctive relief regarding TDOC. *Id.* As such, upon grant of leave to amend Court Brooks will name the TDOC Commissioner in said amendment to ensure the Court has a consistent party defendant through which it may accord Brooks complete relief. FRCP 19(a)(1)(A). This way it will not matter if the office changes. Any new Commissioner would automatically be substituted as a party defendant under provision of FRCP 25(d).

Any undue delay or prejudice asserted by Defendants would be minimal as amendments are permitted even after trial when necessary. The mere passage of time is not an appropriate reason to deny leave to amend, to the contrary, only undue delay forecloses such. Amendment is appropriate as late as during trial, and even after trial when necessary. *See,* 6 C. Wright & A.

6

Miller, Federal Practice and Procedure § 1488 (1971); *see also* FRCP 15(b). The Court found in its initial screening that Brooks has alleged plausible failure-to-protect and deliberate indifference to serious medical needs claims. [Doc. 16 pp. 10-13, PageID #: 81-84] The interest of justice outweighs any prejudice or other substantial reason for denying leave to sever and amend.

## CONCLUSION

Justice and judicial economy strongly weigh in Brooks' favor for the Court to **GRANT** leave to sever his claims and submit an amended complaint. Defendants should not be permitted to shirk their constitutional duties to provide Brooks with reasonable personal safety and medical treatment, and then thwart his efforts to bring a claim by making it so complicated to access the legal library and assistance.

Dated: 9/18/23

/s/ Jeff Brooks
Jeffrey Brooks 443473
140 Macon Way
Hartsville, TN 37074

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing was placed in the U.S. Mail with sufficient first-class postage prepaid on this the 18th day of September, 2023, to the following:

Joseph F. Welborn, III,
Erin Palmer Polly, &
Terrence M. McKelvey
K&L Gates LLP
501 Commerce Street, Suite 1500
Nashville, TN, 37203

/s/ Jeff Brooks
Jeffrey Brooks

7

Case 3:22-cv-00489   Document 39   Filed 09/25/23   Page 7 of 8 PageID #: 205

Jeffrey Brooks # 443473
140 Macon Way
Hartsville, TN 37074

RECEIVED
SEP 25 2023
U.S. District Court
Middle District of TN

NASHVILLE TN 370
20 SEP 2023 PM 6 L

LEGAL MAIL

Clerk of Court
United States District Court
719 Church Street
Nashville, TN 37203

37203-705499