IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| HUBERT G. SEXTON, JR. ET AL., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> CORE CIVIC INCORPORATED OF ) <br> TENNESSEE, ET AL., ) <br> ) <br> Defendants. ) | NO. 3:22-CV-00489 <br><br> JUDGE RICHARDSON |

## **ORDER**

Pending before the Court[1] is a report and recommendation (Doc. No. 45, "R&R") of the Magistrate Judge dated February 3, 2025. In the R&R, the Magistrate Judge recommends that the Court dismiss the claims of the sole remaining Plaintiff,[2] Billy Hobbs, under Federal Rule of Civil Procedure 41(b) and Local Rule 41.01(b). The Magistrate Judge so recommended because "[s]ince July 2023, the Court's orders mailed to Hobbs have been returned as undeliverable and unable to be forwarded [and] Hobbs has taken no action in the case since January 2023." (Doc. No. 45 at 1). No objections to the R&R have been filed and the time for filing objections has now expired.

Although Plaintiff Hobbs, an incarcerated individual who is proceeding pro se, did not file objections to the R&R, Plaintiff Hobbs sent the Court a handwritten letter that was dated February 18, 2025, post-marked February 25, 2025, and received at (and filed on the docket by) the Clerk's Office on February 28, 2025. (Doc. No. 46). The letter merely requests that his suit not be

---

[1] Herein, "the Court" refers to the undersigned District Judge, as opposed to the Magistrate Judge who authored the R&R.

[2] Because Plaintiff Hobbs is the sole remaining plaintiff in this matter, a dismissal of Plaintiff Hobbs's claims effects a final dismiss this matter in its entirety.

dismissed and alleges that the facility where he is incarcerated (Trousdale Turner Correctional Center) did not forward mail from the Court to him and that he never knew that he "had the mail that was returned [to the Clerk's Office] and marked refused." (*Id*. at 1). But neither this nor anything else in the letter's cursory contents constitute an objection to the R&R; the letter does not even refer to the R&R, let alone specify any parts of the R&R to which an objection is made, let alone support any objections. At most, the letter merely makes only a terse and unsupported excuse for taking no action in this case for more than a year and a half.

The letter also states that Plaintiff would "like to file for an emergency restraining order to be transferred to a State [indecipherable] facility emediatly [sic]." (*Id.* at 1).The Clerk's Office docketed this letter as a motion for an emergency restraining order. That motion (Doc. No. 46) is **DENIED** because it does not at all comply with the procedural requirements for requesting a (temporary) restraining order and is entirely unsupported.

Absent any objection to the statement of facts (regarding the procedural history and underlying circumstances of this case) set forth by the Magistrate Judge in the R&R, the Court adopts that factual background in its entirety, and includes it here for reference.

> Hobbs and three other inmates at TTCC initiated this action by filing a complaint under 42 U.S.C. § 1983 alleging violations of their civil rights by fifteen named defendants. (Doc. No. 1.) The Court screened the plaintiffs' claims under 28 U.S.C. §§ 1915(e)(2) and 1915A and 42 U.S.C. § 1997e. (Doc. No. 17.) The Court found that Hobbs "stated Eighth Amendment claims for failure to protect and deliberate indifference to serious medical needs" against Defendants CoreCivic, Inc., and TTCC Sergeant S. Cuebas; plausibly alleged "related supervisory liability claims against Warden [Martin] Frink, Associate Warden [Jacqueline] Norman, Chief of Security [Terrell] Williams, Assistant Chief of Security [S.] Beaver, and Chief of Unit Management [Donelle] Harris"; and could proceed with his claim for injunctive relief against Tennessee Department of Corrections (TDOC) Contract Monitor Jon Walton. (*Id.* at PageID# 95–96.) The Court also advised Hobbs and the other plaintiffs to complete the necessary documents for process to issue and that "[e]ach Plaintiff also must keep the Clerk's Office informed of his current address." (*Id.* at PageID# 97.)

> On December 16, 2022, the Court issued an order to Hobbs and the other plaintiffs to show cause why none of the plaintiffs had completed the required documents for summonses to be issued and the defendants served by the U.S. Marshals Service. (Doc. No. 21.) Hobbs was the only plaintiff to respond to the show-cause order (Doc. No. 22), and the Court ordered the Clerk's Office to provide him new service packets for each of the defendants to his claims and Hobbs to return the completed service packets by January 25, 2023. (Doc. No. 23). The Clerk's Office issued the summonses and provided them to the U.S. Marshals Service to be served. (Doc. No. 24.)
>
> The Court issued an order regarding the improper service of Defendant Jon Walton on July 31, 2023 (Doc. No. 37), and a report and recommendation recommending dismissal of Hobbs's co-plaintiffs for failure to prosecute their claims on August 29, 2023 (Doc. No. 38). The Court mailed service copies of both orders to Hobbs at his address of record at TTCC. Both filings were returned as refused and unable to be forwarded (Doc. Nos. 41, 43). Hobbs did not contact the Court to provide a correct mailing address.
>
> The Court's most recent order (Doc. No. 44) was mailed to Hobbs and has not been returned.1 However, Hobbs has not taken any action in this matter since January 2023.

(Doc. No. 45 at 1-3). The Magistrate Judge concluded that Plaintiff's claims against Defendants should be dismissed without prejudice based on Plaintiff's failure to prosecute them.

No party has filed objections to the R&R, and the time to file objections with the Court has passed. Under Fed. R. Civ. P. 72(b), any party has fourteen (14) days from receipt of the R&R in which to file any written objections to the report and recommendation with the District Court.[3]

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district judge must review *de novo* any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition, review further evidence, or return the

---

[3] For pro-se plaintiffs, like Plaintiff Hobbs here, the Court is willing to extend this fourteen-day deadline by three days to allow time for filings to be transported by mail. But this does not help Plaintiff because to this day, months beyond the fourteen-day deadline, Plaintiff Hobbs still has filed no objection to the R&R.

matter to the magistrate judge with instructions. *Id.* Fed. R. Civ. P. 72(b)(2) provides that a party may file "specific written objections" to a report and recommendation, and Local Rule 72.02(a) provides that such objections must be written and must state with particularity the specific portions of the Magistrate Judge's report or proposed findings or recommendations to which an objection is made. "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object. Moreover, an objection that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context." *Frias v. Frias*, No. 2:18-cv-00076, 2019 WL 549506, at *2 (M.D. Tenn. Feb. 12, 2019) (internal citations and quotation marks omitted).

The failure to object to a report and recommendation releases the Court from its duty to independently review the matter. *Frias; Hart v. Bee Property Mgmt.*, No. 18-cv-11851, 2019 WL 1242372, at * 1 (E.D. Mich. March 18, 2019) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). A district judge is not required to review, under a *de novo* or any other standard, those aspects of a report and recommendation to which no objection is made. *Ashraf v. Adventist Health System/Sunbelt, Inc.*, 322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018); *Benson v. Walden Sec.*, No. 3:18-CV-0010, 2018 WL 6322332, at *3 (M.D. Tenn. Dec. 4, 2018) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)).

Absent objection, the R&R (Doc. No. 45) is adopted and approved. Accordingly, Plaintiff's claims are DISMISSED WITHOUT PREJUDICE.

As no claims of any of the original Plaintiffs remain pending, the Clerk is DIRECTED to enter judgment pursuant to Fed. R. Civ. P. 58 and close the file.

IT IS SO ORDERED.

_Eli Richardson_
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE